**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge LAGUNAS–CAVALLER,**
**Defendant–Appellant.**

**No. 10–11928**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 29, 2010.

Jill E. Steinberg, Lawrence R. Sommerfeld, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Stephanie Kearns, Brian Mendelsohn, Thomas Jake Waldrop, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Jorge Lagunas–Cavaller appeals his 60–month sentence, imposed following his guilty plea to illegally reentering the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Lagunas–Cavaller asserts his sentence was substantively unreasonable, because it was unsupported by the § 3553(a) factors. He further argues a 60–month sentence would lead to unwarranted discrepancies between his sentence and those of similarly situated defendants. After review, we affirm Lagunas–Cavaller's sentence.[1]

Lagunas–Cavaller's 60–month sentence is substantively reasonable. The sentence was within the applicable guideline range and well below the statutory maximum for the offense. Moreover, the court gave due consideration to the § 3553(a) factors, and imposed a sentence that was sufficient, but not greater than necessary, to comply with the purposes of sentencing. Lastly, Lagunas–Cavaller has failed to demonstrate that he was similarly situated to any defendant who had a similar record and was found guilty of similar conduct, but who received a shorter sentence.

**AFFIRMED.**

---

1. We review a final sentence for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244–45 (11th Cir.2005). Reasonableness review is akin to the deferential abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).